Slip Op. No. 23-155

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PRIMESOURCE BUILDING PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendants. | Before: Jennifer Choe-Groves, Judge <br> M. Miller Baker, Judge <br> Timothy C. Stanceu, Judge <br><br> Court No. 20-00032 |

## OPINION AND ORDER

[Denying motion for a partial stay of enforcement of the judgment. Judge Baker joins this Opinion and Order and also issues a concurring opinion.]

Dated: October 23, 2023

*Jeffrey S. Grimson*, Mowry & Grimson, PLLC, of Washington, D.C., for plaintiff. With him on the briefs were *Kristin H. Mowry*, *Jill A. Cramer*, *Sarah M. Wyss*, and *Bryan P. Cenko*.

*Stephen C. Tosini*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant. With him on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director.

Stanceu, Judge: Plaintiff PrimeSource Building Products, Inc. ("PrimeSource") moves for a "partial stay" of enforcement of the judgment this Court entered in response to the decision of the Court of Appeals for the Federal Circuit ("Court of

Appeals") in *PrimeSource Building Products, Inc. v. United States*, 59 F.4th 1255 (Fed. Cir. 2023) ("*PrimeSource Building Products*").  We deny the motion.

## I. BACKGROUND

In *PrimeSource Building Products,* 59 F.4th at 1263, the Court of Appeals reversed the judgments this Court issued in favor of plaintiff PrimeSource and plaintiffs Oman Fasteners LLC, Huttig Building Products, Inc., and Huttig, Inc. (collectively, "Oman Fasteners"), in their actions to contest a proclamation ("Proclamation 9980") the President of the United States issued under section 232 of the Trade Expansion Act of 1962, *as amended*, 19 U.S.C. § 1862.[1]  *See PrimeSource Building Products, Inc. v. United States*, 45 CIT __, 505 F. Supp. 3d 1352 (2021).  Proclamation 9980 imposed duties of 25% *ad valorem* on various products ("derivatives") made of steel.  *Adjusting Imports of Derivative Aluminum Articles and Derivative Steel Articles Into the United States*, 85 Fed. Reg. 5,281 (Exec. Office of the President Jan. 29, 2020) ("*Proclamation 9980*").  The Court of Appeals "remand[ed] the cases for entry of judgment against PrimeSource and Oman Fasteners, including dismissal of the claims against the President." *PrimeSource Building Products*, 59 F.4th at 1263.

Following issuance of the mandates in the appellate litigation, CAFC Mandate in Appeal No. 21-2066 (July 5, 2023), ECF No. 133; CAFC Mandate in Appeal No. 21-2252 (July 6, 2023), Consol. Ct. No. 20-00037, ECF No. 150, this Court entered judgments in

---

[1] Citations to the United States Code herein are to the 2018 edition.

favor of defendants that, *inter alia*, ordered liquidation of the entries at issue in this litigation in accordance with the decision of the Court of Appeals. Judgment (July 13, 2023), ECF No. 134; Judgment (July 13, 2023), Consol. Ct. No. 20-00037, ECF No. 151.

On July 21, 2023, PrimeSource filed a petition for a writ of certiorari and, on the same day, filed its "partial stay" motion in this Court. Pl. PrimeSource Building Products, Inc.'s Mot. for Partial Stay of the Enforcement of J. Pending Appeal (July 21, 2023), ECF No. 136 ("Pl.'s Mot."). Defendants oppose the motion. Defs.' Opp'n to Pl.'s Mot. to Stay Enforcement of the Federal Circuit's Mandate (Aug. 11, 2023), ECF No. 137. Plaintiff replied to defendants' opposition. Reply to Defs.' Opp'n to Pl. PrimeSource Building Products, Inc.'s Mot. for Partial Stay of the Enforcement of the J. Pending Appeal (Sept. 12, 2023), ECF No. 141.

## II. Discussion

Section 2101(f) of Title 28, United States Code, provides as follows:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court.

28 U.S.C. § 2101(f). It further provides that "[t]he stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court." *Id*.

In its motion, PrimeSource seeks a stay of this Court's judgment ordering liquidation of its entries subject to this litigation and "calling for payment of Section 232 duties and interest on PrimeSource's past imports entered, or withdrawn from warehouse for consumption," prior to the date of any stay order this Court issues, "pending resolution of PrimeSource's petition before the Supreme Court." Draft Order (July 21, 2023), ECF No. 136. Should the stay be granted, PrimeSource states that it "shall pay cash deposits of Section 232 duties pursuant to Proclamation 9980 . . . on entries filed by PrimeSource Building Products, Inc. on [and] after 12:01 a.m. of the date of this Court's judgment in slip op 23-101 [July 13, 2023]." *Id*.

In support of its stay motion, PrimeSource addresses arguments to the four factors by which a court considers a claim for equitable relief, arguing that it will be irreparably harmed by the liquidation of its entries absent the stay it seeks, Pl.'s Mot. 9–15, that its petition for a writ of certiorari is likely to succeed on the merits, *id*. at 15–26, that the relief it seeks will not substantially injure the government, *id*. at 27–28, and that granting the stay is favored by the public interest, *id*. at 29–30.

This is PrimeSource's second motion to obtain a stay following the ruling of the Court of Appeals on the merits of PrimeSource's claims. Following a June 6, 2023 denial by the Court of Appeals of PrimeSource's petition for rehearing in *PrimeSource Building Products*, PrimeSource moved in the Court of Appeals for a stay of that court's mandate under Federal Rule of Appellate Procedure 41. Mot. of Pl.-Appellee PrimeSource

Building Products, Inc. to Stay the Mandate Pending Petition for Writ of Certiorari (June 26, 2023), CAFC No. 21-2066, ECF No. 99 ("*Pl.'s Rule 41 Mot.*"). Under that rule, PrimeSource was required to "show that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). In support of its motion to stay the mandate, PrimeSource argued that its petition for a writ of certiorari raises a substantial question, *Pl.'s Rule 41 Mot.* at 5–16, and, as to "good cause," argued that "PrimeSource will be irreparably harmed as the liquidation of its entries may moot its appeal to the Supreme Court," *id*. at 17. The Court of Appeals denied that motion in a summary order issued on June 27, 2023. Order (June 27, 2023), CAFC No. 21-2066, ECF No. 100. The summary order does not specify the reasons for denial of the motion to stay the mandate but must be interpreted to mean that at least one of the two requirements of Federal Rule of Appellate Procedure 41, i.e., either the "substantial question" or the "good cause" requirement, which PrimeSource based on its contention of irreparable harm in the absence of a stay of the mandate, was not met.

PrimeSource had not met its burden of demonstrating its entitlement to a different outcome than that reached by the Court of Appeals on its previous motion to stay. If PrimeSource has not presented what is, in the view of the Court of Appeals, a "substantial question" on the merits of its continuing litigation, then we defer to that decision in ruling on the instant stay motion and must conclude on that basis that PrimeSource has not shown a likelihood of success on the merits in its litigation before

the Supreme Court. If, on the other hand, the Court of Appeals denied the previous stay motion on the ground that PrimeSource has not made an adequate showing of irreparable harm, then we defer to that decision. In short, we decline to revisit either of the two possible grounds upon which the Court of Appeals denied the previous stay motion. Because a showing of irreparable harm and a showing of likelihood of success on the merits are essential to a grant of equitable relief, PrimeSource has not met its burden for obtaining the stay it now seeks.

With particular respect to its irreparable harm argument, PrimeSource maintains, first, that "liquidation of its entries may moot any appeal before the Supreme Court," Pl.'s Mot. 9, on the premise that a court's ability to order relief in the face of liquidated entries is uncertain in light of certain precedents of the Court of Appeals following that court's decision in *Shinyei Corp. of America v. United States*, 355 F.3d 1297 (Fed. Cir. 2004), including *American Signature, Inc. v. United States*, 598 F.3d 816 (Fed. Cir. 2010). Second, PrimeSource asserts that it "will suffer from significant 'business disruptions' associated with paying the applicable cash deposits of Section 232 duties with interest on its past imports." Pl.'s Mot. 13. It argues that "PrimeSource will need to expend significant resources on the mechanics of paying the applicable cash deposits of Section 232 duties with interest on its many thousands of past imports." *Id.* at 14. Neither argument is persuasive.

Despite what PrimeSource characterizes as uncertainty as to a possible post-liquidation remedy, PrimeSource has not made a convincing showing that the Supreme Court, should it grant PrimeSource's petition for a writ of certiorari and invalidate Proclamation 9980, would consider itself precluded from ordering any relief it deemed necessary, regardless of asserted unsettled issues arising from lower court decisions. PrimeSource's argument that it may incur "business disruptions" is also unavailing. In ordering the liquidation of entries, this Court's entry of judgment effectuated the mandate of the Court of Appeals, which upheld the validity of Proclamation 9980 and, therefore, of the liability of PrimeSource, like that of any similarly situated importer, for duties of 25% *ad valorem* on entries arising from its past business activities.

### III. Conclusion and Order

Upon consideration of Plaintiff PrimeSource Building Products, Inc.'s Motion for Partial Stay of the Enforcement of Judgment Pending Appeal (July 21, 2023), ECF No. 136, defendants' opposition, and plaintiff's reply, and upon due deliberation, it is

**ORDERED** that the motion be, and hereby is, denied.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

/s/ M. Miller Baker
M. Miller Baker, Judge

/s/ Timothy C. Stanceu
Timothy C. Stanceu, Judge

Dated: October 23, 2023
      New York, New York

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032

*Baker*, Judge, concurring: I join Judge Stanceu's opinion in full. I write separately to provide some more reasons why we should deny PrimeSource's motion, which the company euphemistically describes as requesting us to "partially stay the enforcement of [our] judgment . . . pending PrimeSource's appeal to the U.S. Supreme Court." ECF 136, at 1 (citing USCIT Rules 7 and 62).

Truth be told, PrimeSource seeks an *injunction* under USCIT R. 62(d) to prevent U.S. Customs and Border Protection from liquidating entries subject to Section 232 duties challenged by the company—that is, relief that the Federal Circuit *denied* in reversing our grant of summary judgment. *See PrimeSource Bldg. Prods., Inc. v. United States*, 505 F. Supp. 3d 1352 (CIT 2021), *rev'd*, 59 F.4th 1255 (Fed. Cir. 2023), *pet. for cert. filed*, No. 23-69 (U.S. July 25, 2023).

A stay only "operates upon the judicial proceeding itself . . . by halting or postponing some portion of the proceeding," *Nken v. Holder*, 556 U.S. 418, 428 (2009), but an injunction "is directed at someone, and governs that party's conduct." *Id.*; *see also Black's Law Dictionary* 784 (6th ed. 1990) (defining "injunction" as "[a] court order prohibiting someone from doing some specified act or commanding someone to undo some wrong or injury"). Thus, injunctions have a coercive effect that stays do not, as they directly "tell[ ] someone what to do or not to do." *Nken*, 556 U.S. at 428. PrimeSource wants us to tell Commerce

8

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

to direct Customs not to liquidate the company's entries while Supreme Court proceedings play themselves out, the very definition of an injunction.

But we have zero authority to grant any such relief. After reversing us, the Federal Circuit summarily denied PrimeSource's motion for a stay of the mandate. *See* ECF 137, Ex. C; *see also* Fed. R. App. P. 41(d)(1). Under the familiar mandate rule, "issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (cleaned up). And PrimeSource's "motion obligate[s]" us, after having "been reversed by a reviewing court, to weigh the likelihood that [we] might be later vindicated by [the Federal Circuit's] own reversal." *See In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 841 (7th Cir. 2020). "That analysis is only a step removed from [our] declaring that [we were] right all along and entering the judgment just reversed—the most obvious violation of the mandate rule." *Id.* So the mandate rule precludes us from granting PrimeSource the injunctive relief that the Federal Circuit previously denied.

Quite apart from the mandate rule's prohibition of such relief, our own Rule 62 does not permit us to issue an injunction pending certiorari after a Federal Circuit judgment. Instead, the rule only authorizes injunctive relief

9

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

"while an appeal is pending from an interlocutory order or final judgment" *of the CIT* "that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction . . . ." USCIT R. 62(d). We know that this rule only applies to appeals from *CIT* judgments (rather than petitions for certiorari from Federal Circuit judgments) because of this sentence:

> If the judgment *appealed from* is rendered by a three-judge panel, the order must be made either: (1) by *that court* sitting in open session; or (2) by *the assent of all its judges*, as evidenced by their signatures.

*Id.* (emphasis added). The injunction pending appeal must be issued by the court rendering the judgment "appealed from." *Id.* Because PrimeSource seeks Supreme Court review of the *Federal Circuit's* judgment, Rule 62(d) does not apply here.

What applies here instead is the federal statute governing Supreme Court review, which provides in relevant part that

> [i]n any case in which the final judgment or decree of any court *is subject to review by the Supreme Court on writ of certiorari*, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. *The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court* . . . .

28 U.S.C. § 2101(f) (emphasis added). In this case, it is the judgment of the Federal Circuit—not *our* judgment—that "is subject to review by the Supreme

10

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

Court on a writ of certiorari," and thus only the Federal Circuit or a justice of the Supreme Court may grant the relief that PrimeSource seeks.

We know that it is the Federal Circuit's judgment that is subject to certiorari review for § 2101(f) purposes because the Supreme Court's jurisdiction here extends only to that judgment. *See* 28 U.S.C. § 2101(c) ("[A]ny writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days *after the entry of such judgment or decree.*") (emphasis added); *see also* 28 U.S.C. § 1254 (providing for review of cases in the *courts of appeals* by writ of certiorari). Accordingly, PrimeSource's petition for certiorari forthrightly declares that the company "petitions for a writ of certiorari *to review the judgment of the U.S. Court of Appeals for the Federal Circuit.*" *PrimeSource Bldg. Prods., Inc. v. United States*, No. 23-69, Pet. for Cert. at 1 (U.S. July 21, 2023) (emphasis added).

Because the company seeks certiorari review of the Federal Circuit's judgment, we lack authority under 28 U.S.C. § 2101(f) to stay its effect, which an injunction against reliquidation would certainly do (and then some). *See In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) (per curiam) ("It appears, therefore, that only a judge of this Court, or a justice of the Supreme Court, is empowered by 28 U.S.C. Section 2101(f) to stay the execution or enforcement of

11

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

this Court's judgment."); *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012) (per curiam) ("Congress has only authorized the court of appeals or a Justice of the Supreme Court to stay the execution or enforcement of the court of appeals' judgment pending a petition for certiorari.").

Finally, even if we otherwise had authority to consider PrimeSource's injunction request, I would vote to deny it because the company has not demonstrated irreparable injury, an essential element of any request for such relief. As I recently explained at length, in all cases properly brought under our residual 28 U.S.C. § 1581(i) jurisdiction, the Administrative Procedure Act's waiver of sovereign immunity in 5 U.S.C. § 702 permits us to grant injunctive relief ordering reliquidation provided that ordinary equitable principles are satisfied. *See AM/NS Calvert LLC v. United States*, Slip Op. No. 23-129, at 21–30, 2023 WL 5750865, at **8–11 (CIT Sept. 6, 2023).

PrimeSource, however, asserts that even under *Calvert*'s reasoning, reliquidation "is subject to equitable principles that may not be appropriate in all circumstances and may be limited to claims under the [APA]." ECF 141, at 15. Taking these points in reverse order, APA § 702's waiver of sovereign immunity in actions seeking equitable relief is not limited to APA causes of action. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006) ("[T]he '*APA's waiver of sovereign immunity applies to any suit whether under*

12

Case 1:20-cv-00032-TCS-JCG-MMB   Document 142   Filed 10/23/23   Page 13 of 15

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

*the APA or not.'* There is nothing in the language of the second sentence of § 702 that restricts its waiver to suits brought under the APA. The sentence waives sovereign immunity for '[a]n action in a court of the United States seeking relief other than money damages,' not for an action brought under the APA.") (cleaned up and emphasis added) (quoting *Chamber of Com. v. Reich,* 74 F.3d 1322, 1328 (D.C. Cir. 1996), and 5 U.S.C. § 702).

That PrimeSource brings *non*-APA claims for equitable relief under our inherent authority against various officials based on the President's alleged ultra vires and unconstitutional conduct in issuing Proclamation 9980[1] thus makes no difference as to the availability of reliquidation. As it is undisputed that PrimeSource properly invoked our residual jurisdiction, "no other statute *can* be 'addressed to the type of grievance' for which the [company] seeks relief." *Calvert*, Slip Op. No. 23-129, at 29, 2023 WL 5750865, at *11 (emphasis in original and quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 216 (2012)).

APA § 702's waiver of sovereign immunity therefore applies. Should PrimeSource prevail in the Supreme Court as to its non-APA claims, we have

---

[1] *See PrimeSource Bldg. Prods., Inc. v. United States*, 497 F. Supp. 3d 1333, 1366 n.10 (CIT 2021) (Baker, J., concurring in part and dissenting in part) (explaining the analytical framework for non-APA claims brought against the President's subordinates based on the *President*'s alleged statutory violations and unconstitutional conduct); *see also id*. at 1364–65 (examining PrimeSource's various APA and non-APA claims).

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

authority under our inherent powers to make the company whole by ordering reliquidation if the company can satisfy ordinary equitable principles. *See* 28 U.S.C. §§ 2643(c)(1) (as relevant here, authorizing the CIT to "order any other form of relief that is appropriate in a civil action"), 1585 (stating that the CIT "shall possess all the powers in law *and equity* of, or as conferred by statute upon, a district court") (emphasis added).

Under those principles, injunctive relief would be available to PrimeSource if it demonstrated (1) that it would "suffer an irreparable injury absent reliquidation, i.e., loss of duties paid; (2) that [it] has no adequate remedy at law for that loss; (3) that, considering the balance of hardships between both sides, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Calvert*, Slip Op. No. 23-129, at 36, 2023 WL 5750865, at *14 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

In my view, it's inconceivable that PrimeSource would be unable to demonstrate those elements. After all, it unquestionably would suffer irreparable injury absent reliquidation (loss of its money) and would have no adequate remedy at law for the recovery of that loss. The balance of the hardships would lopsidedly favor the company, and it's impossible for me to see how the public interest could be served by the government's retention of money to which

*PrimeSource Bldg. Prods, Inc. v. United States*, Ct. No. 20-00032
(Baker, J., concurring)

it has no legitimate claim. In short, although injunctive relief ordering reliquidation is not available *of right* in cases properly brought under our residual jurisdiction, as a practical matter it would (or at least should) always be awarded. Thus, should PrimeSource prevail in the Supreme Court, it has no reason to fear that reliquidation of its entries would be unavailable.

\*   \*   \*

We have no authority to enjoin the liquidation of PrimeSource's entries pending the company's petition to the Supreme Court for certiorari from the Federal Circuit's judgment. Even if we had such power, the company would not suffer irreparable injury from liquidation in the meantime due to our ability to later order reliquidation if the *eBay* requirements were satisfied, which they doubtless would be. I therefore concur in denying the so-called motion to stay.